| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>COLONIAL MEDICAL MANAGEMENT, CORP. | **DEFENDANTS**<br>JORGE ANGLERO; PABLO SERRANO & MILAGROS BARNES |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DAMARIS QUINONES, ESQ.<br>PO BOX 429, CABO ROJO, P.R. 00623<br>(787)851-7866 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>x Debtor   o U.S. Trustee/Bankruptcy Admin<br>o Creditor   o Other<br>o Trustee | **PARTY** (Check One Box Only)<br>o Debtor   o U.S. Trustee/Bankruptcy Admin<br>o Creditor   X Other<br>o Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Ilegal Transfer of funds   Money Recovery   11USC 1334,1107,362,542,543,544,547,548,549,550 | |

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [X] 11-Recovery of money/property - §542 turnover of property
- [X] 12-Recovery of money/property - §547 preference
- [X] 13-Recovery of money/property - §548 fraudulent transfer
- [X] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq
- [ ] 02-Other (e.g. other actions that would have been brought in state court

| X Check if this case involves a substantive issue of state law | o Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| X Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR **COLONIAL MEDICAL MANAGEMENT, CORP.** | BANKRUPTCY CASE NO. 14-01922-BKT | |
| DISTRICT IN WHICH CASE IS PENDING **PUERTO RICO** | DIVISION OFFICE | NAME OF JUDGE **BRYAN K.** |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| *[signature]* | |
| DATE June 4, 2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) **DAMARIS QUINONES** |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint. **Attorneys.** Give the names and addresses of the attorneys, if known. **Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants. **Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>Colonial Medical Management Corp<br>Debtor/ Plaintiff<br><br>Vs.<br><br>Dr. Jorge G. Anglero,<br>Pablo A. Serrano Hernandez, Milagros Barnes and Conjugal Partnership Constituted by them | CASE Number 14-1922-BKT<br><br>CHAPTER 11<br><br>Adversary No._____<br><br>11 USC 548<br><br>Illegal Transfer Of Funds<br>Money Recovery for The State |

### COMPLAINT

Comes now the Debtor in Possession, Colonial Medical, through the undersigned counsel and respectfully, before this Honorable Court present the following complaint and prays:

**I.  Jurisdiction of the Court**

1) This adversary proceeding is brought pursuant 28 United States Code Section 1334, 1107, 362, 542, 543, 544, 547, 548, 549 and/or 550 of the Bankruptcy Code and FRBP 7001.

2) Jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. 157 (b)(2) and 1334.

**II.  Venue**

Venue is adequate under this Bankruptcy District Court pursuant 28 United States Code, Section 1408 and 1409 considering all the events, acts and omissions rise as

claims of the above captioned case under the territory and Regional District of Puerto Rico.

### III. Parties

### A. Plaintiff

1) Colonial Medical Management Inc is a domestic Corporation organized under the laws of Puerto Rico that gives medical services at a CDT located at road 402 k.m. 1.8 Bo. Marias Anasco P.R. and debtor in possession, hereinafter referred as Colonial.

2) Dr. Luis Jorge Lugo Velez is a physician and actual President and shareholder of Colonial and the officer of Colonial assigned by the Corporation to represent the Corporation in all bankruptcy related proceedings.

3) Dr. Oscar Quintero Serrano is a physician and actual Treasurer and shareholder of Colonial and officer of Colonial Management Corporation.

### B. Defendants

1) Dr. Jorge G. Anglero Alfaro is a physician, hereinafter "Dr. Anglero" is of legal age, married and resident of Ponce, Puerto Rico with mailing address at PMB 218 Ave. Tito Castro 609, Suite 102, Ponce Puerto Rico and residential address Calle 4 C-20 Reparto Anaida, Ponce, P.R. 00716. Dr. Anglero is a shareholder of Colonial and is being sued in his personal capacity and as a director and shareholder and past agent of the Debtor.

2) Pablo A. Serrano Hernandez, hereinafter "Mr. Serrano" is of legal age, married and resident of Calle 6 F 7 Jardines de Country Club, Carolina, P.R. 00983 with mailing address at Calle 6 F-7 Jardines de Country Club, Carolina, P.R. 00983. Mr. Serrano is a shareholder of Colonial and is being sued in his personal capacity and as a director and shareholder and past agent of the Debtor.

3) Upon information and believe Mr. Serrano is married and constitutes a Conjugal Partnership with Milagros Barnes, both sued in their personal capacity and as directors, shareholders and past agents.

## C) Factual Allegations Common To All Causes Of Action

1) The debtor filed a bankruptcy under Chapter 11 of the Bankruptcy Code on March 13, 2014 with a list of Creditors and all creditor's addresses as requested by law including defendants address.

2) Debtor is a Corporation that administers the Center for Diagnostic and Treatment (CDT) of Anasco Puerto Rico.

3) Colonial was incorporated on 5/9/2011 by Dr. Jorge Anglero and Mr. Pablo Serrano and at that moment had two shareholders.

4) Colonial signed a contract for the lease of the facilities of the CDT with the Municipality of Anasco, Puerto Rico to provide medical services of emergency room ,x ray and laboratories on March 19th, 2012.

5) By May 9, 2011 and until 5/1/2013 Dr. Anglero was President and director of Colonial.

6) BY May 9, 2011 and until January 18, 2013 Mr. Serrano was the administrator of the Corporation.

7) Dr. Luis Jorge Lugo became a shareholder on 25% and loaned $229,000.00 for the capitalization of the Corporation on September 2011.

8) Dr. Oscar Quintero became a shareholder on 25% and loaned $75,000.00 to capitalize the Corporation on September 2012.

9) The CDT started its operation on March 31, 2012.

10) At the beginning of the operations Colonial was insolvent and was not generating any income.

11) The defendants performed their functions negligently, to the detriment of the debtor, breached their fiduciary duty towards the debtor and the shareholders, stripping assets, draining financial resources, failing to respond to its obligations and by not performing their functions regarding management and economic well being of the debtor in a diligent manner in the total amount of $800,000.00 in illegal transfers, lack of payment of participation, and illegal payments for luxury cars living the corporation with $1,800,000,00 in claims.

12) Debtor Colonial was used as an instrument for legalizing the illegal, unjust and fraudulent acts of the defendants by perpetrating fraud and evading civil responsibilities.

13) During the year preceding to the filing of the bankruptcy, immediate after commencing operations, defendants lease three (3) luxury cars for a total amount of $4,744.35 dollars in monthly payments without the leave of the shareholders and directors.

14) Defendants Serrano and Anglero issued payments for car leases from funds belonging to Colonial for the operation of the facility and services for patients.

15) Serrano issued checks for himself and took cash from ATMs in the same amount of the cheeks they cashed taking funds in the amount of $38,000.00 belonging to the Corporation and patients services.

16) Dr. Anglero incurred in unauthorized expenditures of $20,169.00 and $68,627.00 in unauthorized compensation not included in the agreement from funds belonging to the Corporation and patients services.

17) Defendants intentionally omitted to pay all taxes, space and equipment leases risking the operation of the CDT and patient services.

18) With disregard to the well being of the patients and in violation of the law defendants stopped payments to suppliers but collected moneys for themselves and paid their personal luxury car leases.

19) The actual president became aware of the situation around January 8, 2013 and ordered an audit.

20) The audit reflected that Mr. Serrano and Dr. Anglero never paid the Corporation obligations and made illegal transfer of funds.

21) The shareholders had a meeting and the situation was informed and Mr. Serrano and Dr. Anglero where removed from their positions.

22) Defendants actions put in risk the patients services and the solvency of Colonial . In a period of 9 months defendants incurred in debts for the Corporation by making profits for themselves with disregard to the purpose of the Corporation and the patients well being.

23) As the present moment Dr. Anglero and Mr. Serrano are trying to take control of Colonial in violation of the automatic stay and in clear disregard of the Bankruptcy proceedings.

24) The defendants are jointly liable for the debts of Colonial, defendants fraudulently disposed of the assets of Colonial, without paying to creditors and using funds for personal use.

## D) CAUSES OF ACTION

### I. First Cause if Action -Breach of Contract and Fiduciary Duties

1) Plaintiff re-alleges each and every allegation as fully set forth herein.

2) As the direct result of the intentional malice, deliberate, unlawful conduct and reckless disregard for the law, the defendants breach their duties toward the creditors

by not contributing with their participations to capitalize the Corporation for the approximate amount of $205,000.00 each.

3) Defendants egregious conduct and intentional malice, failed to pay the creditors and suppliers risking the operation of the CDT, the well being of the patients and the financial health of the Corporation and left Colonial with profit loses and $1,800,000.00 in debts.

4) The Failure of defendants to fulfill their duties toward the Corporation, shareholders and patients constitute a breach of contract and breach of fiduciary duties as officers and shareholders of the corporation.

**II. Second Cause Of Action - Fraud**

1) Plaintiff re-alleges each and every allegation as fully set forth herein.

2) As the direct result of the of the bad faith, negligence and default with their obligations defendant defraud Colonial and the creditors.

3) Defendants leased four (4) luxury cars with monthly payments of $4,744.35 dollars for their personal use and with no use for the operation of the corporation.

4) The lease payments for the total amount of $62,028.00 dollars is an illegal transfer of funds and such funds belong to the Corporation for the payments of the debts.

5) Defendants paid themselves salaries not approved by the shareholder or Board of Directors and also took cash moneys from the Corporation ATM cards in the same amounts of their salaries in the same dates.

6) Defendants defraud the corporation for the approximate additional amount of $60,000.00 in cash illegal transfers.

7) Defendants defraud the corporation for the approximate total amount of $122,028.00 in cash illegal transfers and non authorized payments for lease of cars.

8) The payments of the leases of cars for the personal use and the cash transfers of the defendants lead to a deliberate, unlawful conduct of reckless disregard for the law by the lack of payments of the obligations of the Corporation.

9) Defendants egregious conduct and intentional malice constitute also a criminal act under the laws of the Commonwealth of Puerto Rico.

### III. Third Cause Of Action - Illegal Use of Property of the State

1) Plaintiff re-alleges each and every allegation as fully set forth herein.

2) Defendant, Dr. Anglero has in his possession a vehicle under the name of the corporation that has no use for the operations of Colonial.

3) Dr. Anglero have refused to turn over the vehicle Mercedes Benz S550 with a monthly payment of $ 1.941.90 dollars.

4) As the direct result of Dr. Anglero's actions, negligence and default with his obligation to turn over the property, defendants maintain a reckless conduct in detriment of the Debtor.

### IV. Fourth Cause Of Action - Violation of Stay

1) Dr. Anglero and Mr. Serrano called for a Shareholder meeting to elect the new members of the Board of Director in 5/15/2013, after the filing of the Bankruptcy case.

2) Even after they had knowledge of the filing, the vote without the participation of all shareholders and elected themselves as President.

3) That election is against the By Laws of the Corporation and their action are against the interest of the Corporation and the creditors and is a violation of the stay injunction.

4) Dr. Anglero and Mr. Serrano are shareholders of Colonial and are responsible for the loses of the corporation in the same part of their shares.

5) Dr. Anglero and Mr. Serrano must be removed from their position, duties and participation on the operation of Colonial and after they comply with their duties by paying their obligations the must be removed as shareholders.

### IV. DAMAGES

1) The defendants have caused severe damages to the debtor/plaintiff that must be compensated.

2) Defendants actions and omissions caused Colonial insolvency an indebt for an amount superior to 1.8 million dollars and interest and Colonial had to file a Chapter 11 Bankruptcy Petition.

### V. SPECIAL DAMAGES COST ATTORNEYS FEES AND INTEREST

1) Defendants acts have forced plaintiffs to incur in attorneys fees and costs for the filling of a Chapter 11 and for the litigation of this action.

2) Therefore defendants are obligated to pay for the attorneys fees, expenses and cost of the bankruptcy proceedings and litigation of the instant case.

3) The defendants temerity obligates them to pay interest over the amounts owned as the date of the filing.

WHEREFORE, it is respectfully requested from this Honorable Court to grant a judgment in favor of the Plaintiff against defendants jointly in the following manner:

1) Payment of all amounts received by defendants for the illegal transfer of funds.

2) Payment of all amounts owned for the loss and lack of capitalization of the debtor.

3) Payment of all amounts paid for the lease of vehicles in their favor.

4) Compensatory damages for the amount of $1,500,000.00.

5) Punitive damages.

6) Costs and attorneys fees for this proceeding and the Bankruptcy filing.

7) That Defendants to be held in contempt of the Court for Violation of the Automatic Stay Order.

8) Any other relieve that this Honorable Court may deem appropriate.

In Cabo Rojo, Puerto Rico, this 4 day of June, 2014.

/s/ Damaris Quiñones Vargas
DAMARIS QUIÑONES VARGAS, ESQ.
USDC 213709
P.O. Box 429
Cabo Rojo, P.R. 00623
Tel. (787)851-7866  Fax (787) 851-1717
damarisqv@bufetequinones.com